■ In the Matter of EDWARD S. COOPER, an Attorney. [998 NYS2d 672]—

Per Curiam. Edward S. Cooper was admitted to practice by this Court in 1997. He was previously admitted in New Jersey in 1989, where he currently maintains an office for the practice of law.

By order dated July 11, 2014, the Supreme Court of New Jersey publicly reprimanded Cooper upon his execution of a stipulation of discipline by consent. Cooper had admitted to a violation of three Rules of Professional Conduct by failing to safeguard the property of a third party, failing to notify the third party of his receipt of said property and knowingly disobeying an obligation set forth in a court judgment. Cooper has not filed a copy of the order of the Supreme Court of New Jersey with this Court (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [b]).

The Committee on Professional Standards now moves to impose discipline upon Cooper pursuant to the rules of this Court (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [a], [c]). Cooper has responded by affidavit in mitigation and/or defense sworn to December 15, 2014, and the Committee has replied by affidavit sworn to December 23, 2014.

We grant the Committee's motion and further conclude that, under the circumstances presented and in the interest of justice, Cooper should be suspended from the practice of law for 90 days (*see Matter of Kain*, 64 AD3d 992, 992-993 [2009]; *see generally Matter of Marshall*, 67 AD3d 1122, 1123 [2009]).

Garry, J.P., Rose, Lynch and Clark, JJ., concur. Ordered that the motion of the Committee on Professional Standards is granted; and it is further ordered that Edward S. Cooper is suspended from the practice of law for a period of 90 days, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, Edward S. Cooper is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Cooper is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that Edward S. Cooper shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* Rules of the App Div, 3d Dept [22 NYCRR] § 806.9).